IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AKHEN A. MIZRAIM,                )<br>                                             )<br>                    Plaintiff,          )<br>                                             )<br>          vs.                             )<br>                                             )<br>NCL AMERICA, INC., NCL       )<br>AMERICA, NCL AMERICA LLC, )<br>JOHN DOES 1-5, JANE DOES 1-5, )<br>DOE CORPORATIONS 1-5, DOE  )<br>LLCS 1-5, DOE PARTNERSHIPS 1-5, )<br>DOE NON-PROFIT                   )<br>ORGANIZATIONS 1-5, AND DOE )<br>GOVERNMENTAL AGENCIES 1-5, )<br>                                             )<br>                    Defendants.       )<br>_____ ) | CIVIL NO. 11-00077 JMS/KSC<br><br>ORDER DENYING DEFENDANT<br>NCL AMERICA LLC'S MOTION<br>FOR RECONSIDERATION OF<br>THE DECEMBER 14, 2012 ORDER<br>GRANTING IN PART AND<br>DENYING IN PART DEFENDANT<br>NCL AMERICA LLC'S MOTION<br>FOR SUMMARY JUDGMENT |

**<u>ORDER DENYING DEFENDANT NCL AMERICA LLC'S MOTION FOR RECONSIDERATION OF THE DECEMBER 14, 2012 ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NCL AMERICA LLC'S MOTION FOR SUMMARY JUDGMENT</u>**

**I. <u>INTRODUCTION</u>**

On November 18, 2010, Plaintiff Akhen A. Mizraim ("Plaintiff") filed this action in the First Circuit Court of the State of Hawaii alleging that Defendant NCL America LLC ("Defendant") discriminated against him on the basis of race, exposed him to a hostile work environment, and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et

seq., Hawaii's anti-discrimination statute, Hawaii Revised Statutes ("HRS") § 378-2, and the Hawaii Whistleblower's Protection Act (the "HWPA"), HRS § 378-61. Defendant subsequently removed the action to this court.

On December 14, 2012, the court entered its Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment (the "December 14 Order"), 2012 WL 6569300 (D. Haw. Dec. 14, 2012). In relevant part, the December 14 Order determined that Plaintiff had established a genuine issue of material fact that he was retaliated against in violation of Title VII and state law when the physician aboard the cruise ship that Plaintiff worked on disembarked him. The court determined that Plaintiff had established his prima facie case of retaliation where he complained to a psychologist of a discriminatory work environment, and the physician was aware of these complaints when he disembarked Plaintiff.

Currently before the court is Defendant's December 28, 2012 Motion for Reconsideration of the December 14 Order, arguing that the evidence presented does not support the court's finding that Plaintiff opposed any employment practice made unlawful by Title VII, a necessary element to a Title VII retaliation prima facie case. Plaintiff filed an Opposition on January 11, 2013. Based on the following, the court DENIES Defendant's Motion for Reconsideration.

## II. **STANDARD OF REVIEW**

Local Rule 60.1 allows a party to file a motion for reconsideration of an interlocutory order. Reconsideration is permitted only where there is "(a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact." *See Sierra Club, Hawaii Chapter v. City & County of Honolulu*, 486 F. Supp. 2d 1185, 1188 (D. Haw. 2003) ("Local Rule 60.1 explicitly mandates that reconsideration only be granted upon discovery of new material facts not previously available, the occurrence of an intervening change in law, or proof of manifest error of law or fact.").

A "motion for reconsideration must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996); *Na Mamo O 'Aha 'Ino v. Galiher*, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *See Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw.

2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

### III. DISCUSSION

Defendant argues that the December 14 Order erred in denying Defendant's Motion for Summary Judgment on Plaintiff's Title VII and state law retaliation claims, to the extent based on Plaintiff's disembarkation. In particular, Defendant asserts that the evidence does not support the court's finding that Plaintiff established a genuine issue of material fact that he opposed any employment practice made unlawful by Title VII, a necessary element to a Title VII retaliation prima facie case. Based on the following, the court disagrees.

One of the bases of Plaintiff's retaliation claim is that the ship's physician disembarked him because Plaintiff had complained to a psychiatrist of a discriminatory work environment. The December 14 Order outlined the following facts as raising a genuine issue of material fact that Plaintiff's complaints to the psychiatrist constitute opposing a practice made unlawful by Title VII: (1) Defendant had referred Plaintiff to a psychiatrist for evaluation; (2) Plaintiff had asserted in his evaluations that he was discriminated against; (3) the

psychiatrist reported back to Defendant (specifically, the ship's physician) that Plaintiff complained of a discriminatory work environment; and (4) Plaintiff is African-American.  Doc. No. 75, Dec. 14 Order at 45; 2012 WL 6569300, at *18.  The December 14 Order recognized that these facts present a difficult question.  *Id.* at 46, 2012 WL 6569300, at *18.  But viewing these facts in a light most favorable to Plaintiff, the December 14 Order found that Plaintiff's actions of (1) complaining about discrimination to a psychiatrist that Defendant required him to see, and then (2) returning to Defendant (again, the ship's physician) the psychiatrist's form stating that he complained of discrimination, is purposeful enough to suggest that Plaintiff engaged in protected activity.  *Id.* (citing *Crawford v. Metro. Gov't of Nashville & Davidson*, 555 U.S. 271, 276 (2009) (explaining that an employee must "resist or antagonize," "contend against," "confront," or "withstand" the conduct)).  And although Defendant asserted that ship's physician did not know that Plaintiff was claiming *racial* discrimination, the December 14 Order explained that such fact can reasonably be inferred given that Plaintiff is African-American -- there is simply no other explanation as to why Plaintiff asserts he was discriminated against.  *Id.*

    Defendant argues that this reasoning is in error because to oppose a employment practice made unlawful by Title VII, a plaintiff must actually refer to

a particular practice that is allegedly unlawful, and the assertion must be more than that the employer is personally bigoted.  In support of this argument, Defendant relies on *EEOC v. Crown Zellerbach Corp.*, 720 F.2d 1008, 1013 (9th Cir. 1983), which explains that "[t]he employee's statement cannot be 'opposed to an unlawful employment practice unless it refers to *some* practice by the employer that is allegedly unlawful," and that "a simple assertion that an employer is personally bigoted, without more, is not statutorily protected opposition to an 'unlawful employment practice.'"  Defendant further cites various Ninth Circuit cases providing examples of sufficient opposition activities.

        Defendant's argument is well-taken and is precisely the reason the December 14 Order recognized that this is a difficult case.  And Plaintiff may certainly have a very difficult task to convince a jury that Defendant in fact retaliated against him.  But Defendant's argument does not change the court's determination that the facts, when viewed in a light most favorable to Plaintiff, create a genuine issue of material fact that he opposed a practice made unlawful by Title VII.  As the EEOC Compliance Manual explains, protected opposition can include an implicit communication by the employee, as well as ambiguous complaints of unfair treatment:

> A complaint about an employment practice constitutes
> protected opposition only if the individual explicitly or

> implicitly communicates a belief that the practice constitutes unlawful employment discrimination. Because individuals often may not know the specific requirements of the anti-discrimination laws enforced by the EEOC, they may make broad or ambiguous complaints of unfair treatment. Such a protest is protected opposition if the complaint would reasonably have been interpreted as opposition to employment discrimination.

2 EEOC Compliance Manual § 8-II-B(2), p. 6508 (Mar. 2003) (footnotes omitted); *see also Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 399 (2008) (explaining that EEOC compliance manuals "reflect 'a body of experience and informed judgment to which courts and litigants may properly resort for guidance'"). And Defendant cites no cases in which an employee's less-specific complaints of employment discrimination were insufficient to raise a genuine issue of material fact on summary judgment.

In this action, the ship's physician who disembarked Plaintiff was aware that Plaintiff had made numerous complaints to a psychiatrist about workplace discrimination. Indeed, the psychiatrist's forms, returned to the ship, indicate that during almost every single consultation, Plaintiff complained about his work environment and the fact that Defendant failed to act on his complaints. Specifically, the forms indicated that Plaintiff was (1) "reactive to workplace mistreatment," (March 2, 2009), (2) "reactive to unfair/threatening work

environment" (March 9, 2009), (3) "concerned about lack of enforcement of policies on ship" (March 16, 2009), (4) "major depression reactive to unfair treatment and lack of response to complaint in his employment" (March 30, 2009), (5) "depressive disorder reactive to difficult ship environment" (April 13, 2009), (6) "reactive depression DSM IV 296-33 reactive to reportedly discriminative work environment and apparent attempts to cover up NCL inaction on his behalf" (April 20, 2009).  *See* Doc. No. 75, Dec. 14 Order at 8-9, 2012 WL 6569300, at *3.  Although these complaints did not specifically assert *racial* discrimination or identify the particular facts that were the basis of Plaintiff's complaints, they establish Plaintiff's ongoing complaints of a discriminatory work environment and Defendant's alleged inaction in response to Plaintiff's complaints.  Given that Plaintiff is African American, these facts, when viewed in a light most favorable to Plaintiff, support the inference that Plaintiff was complaining of racial discrimination and the ship's physician was aware of these complaints.  As a result, the December 14 Order did not err in denying Defendant's Motion for Summary Judgment on Plaintiff's retaliation claim to the extent based on Plaintiff's disembarkation/failure to reembark.

///

///

## IV.  **CONCLUSION**

Based on the above, the court DENIES Defendant NCL America LLC's Motion for Reconsideration of the December 14, 2012 Order Granting in Part and Denying in Part Defendant NCL America LLC's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 4, 2013.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Mizraim v. NCL Am., Inc.*, Civ. No. 11-00077 JMS/KSC, Order Denying Defendant NCL America LLC's Motion for Reconsideration of the December 14, 2012 Order Granting in Part and Denying in Part Defendant NCL America LLC's Motion for Summary Judgment